**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-50898
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RENE ALBERTO MASCORRO-CHAVARRIA, also known as Rene
Mascorro-Chavarria, also known as Rene Chavaria-Mascorro

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-727-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rene Alberto Mascorro-Chavarria pleaded guilty to the charge of illegal reentry. Because Mascorro-Chavarria had a prior conviction for aggravated robbery, his offense level was adjusted upward by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court sentenced Mascorro-Chavarria to a 70-month term of imprisonment and a three-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mascorro-Chavarria argues that his sentence was greater than necessary to accomplish the goals of sentencing listed in 18 U.S.C. § 3553(a)(2). Mascorro-Chavarria concedes that this court ordinarily applies a presumption of reasonableness to within-guideline sentences. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Citing *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007), he contends that the presumption should not apply in this case because § 2L1.2 is not empirically supported.

The question presented in *Kimbrough* was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Id.* at 575. In *Kimbrough*, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in *Campos-Maldonado*, 531 F.3d at 338-39. The appellate presumption is therefore applicable in this case.

Mascorro-Chavarria's within-guidelines sentence is entitled to a rebuttable presumption of reasonableness. *See Campos-Maldonado*, 531 F.3d at 338; *Gomez-Herrera*, 523 F.3d at 565-66. As Mascorro-Chavarria concedes, his argument that he deserved a lesser sentence based upon the disparity in fast track early disposition programs is foreclosed by *Gomez-Herrera*, 523 F.3d at 563 n.4. Because Mascorro-Chavarria has not shown that his sentence is unreasonable, the judgment of the district court is AFFIRMED.